OPINION OF THE COURT
John R. Tenney, J.
Plaintiff was employed by the New York Telephone Company. The codefendant, Reed, is a company management employee in the benefits area which maintained a "Management Income Protection Plan” (MIPP) designed to provide certain benefits to employees who have, or may soon become "surplus”. The employee can either accept the MIPP "separation package” voluntarily or take the chance that if his job is terminated, he will only receive the "routine” severance package.
Plaintiff and certain coemployees were declared "surplus” and were given the MIPP option with a deadline for selection and notice that if the option was chosen, it was irrevocable. Plaintiff signed a MIPP acceptance form minutes before the deadline which was delivered to Mr. Coffey who sent it to the New York City office.
The next day plaintiff called Mr. Coffey at his home, told *805 him she had changed her mind and wished to continue as an employee. Coffey stated that there was nothing he could do but suggested she call another employee, defendant Reed. After a discussion with plaintiff, Reed allegedly stated that he would "take care of it Monday”. The following Monday, after consultation with his supervisor and the company’s legal department, Reed informed plaintiff that her acceptance was irrevocable subject only to the right of appeal set forth in the plan. Following denial of her appeal, plaintiff commenced this action, and defendants have moved for summary judgment.
The motion must be granted based on the rules set forth in Murphy v American Home Prods. Corp. (58 NY2d 293). With respect to the first cause of action for wrongful discharge based on an implied obligation of good-faith dealings, the court ruled that: "the implied obligation is in aid and furtherance of other terms of the agreement of the parties. No obligation can be implied, however, which would be inconsistent with other terms of the contractual relationship. Thus, in the case now before us, plaintiff’s employment was at will * * * In the context of such an employment it would be incongruous to say * * * that the employer impliedly agreed to a provision which would be destructive of his right of termination.” (Supra, pp 304-305.) There is no such implied obligation in this case, and the first cause of action is legally insufficient.
The second and third causes of action are also expressly prohibited by Murphy (supra). "Plaintiff should not be allowed to * * * subvert the traditional at-will contract rule by casting his cause of action in terms of a tort of intentional infliction of emotional distress” (supra, p 303), or in terms of a prima facie tort (supra, pp 303-304).
Plaintiff contends she should be accorded greater protection because the telephone company was public or quasi-public due to its monopolistic nature and government regulations. As such, she should have at least some of the due process safeguards available to public employees. (Matter of Bergamini v Manhattan & Bronx Surface Tr. Operating Auth., 94 AD2d 441.) Bergamini is readily distinguishable. The Transit Authority is a creature of statute, and there was no question of plaintiff’s status as a public employee. There is no reason in law or logic to extend that case to this matter merely because the defendant may be subject to certain governmental regulations.
*806 Finally, at oral argument, plaintiff asserted that because the MIPP plan could be revoked by defendant prior to its implementation, irrevocability as applied to plaintiff is not enforceable for lack of "mutuality”. This contention is without merit; "[WJhile coextensive promises may constitute consideration for each other, 'mutuality’, in the sense of requiring such reciprocity, is not necessary when a promisor receives other valid consideration”. (Weiner v McGraw-Hill, Inc., 57 NY2d 458, 464.) Consideration is present in the form of secure and increased termination benefits.
The motion for summary judgment is granted.